Illinois Cent. R. Co. *v.* Nixon et al.

[68 South. 466.]

Trial. *Comparative negligence. Instructions.*

Where in an action for the death of a person struck by a train, the court charged the jury that, if the railroad company was negligent, and if such negligence was the proximate cause of the injury, and if deceased was also guilty of negligence contributing to his injury, the jury, in fixing the damages, should dimish them in proportion as deceased's negligence contributed to the injury. It was not error to refuse to further charge the jury that if both deceased and the company were negligent, the jury should allow only such proportion of full compensation as

the company's negligence bore to the total negligence of the two, that, if they were guilty of equal negligence, half compensation should be allowed, and that if deceased was guilty of twice as much negligence as the company, they should allow only one-third of the full compensation.

APPEAL from the circuit court of Panola county.

HON. N. A. TAYLOR, Judge.

Suit by H. L. Nixon and others against the Illinois Central Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes,* for appellant.

The statute requires the verdict to be reduced in proportion to the amount of negligence attributable to the person injured, and when, in instruction 11, the defendant undertook to tell the jury how this should be done the court would not give the instruction. This was plain and palpable error and should reverse this case. This left the jury without instruction or guide on the most vital point in the case so far as defendant was concerned.

The Mississippi law of contributory negligence is a copy of the Federal Law on the same subject, and the supreme court of the United States is good authority to follow in construing this law, and it has held that this instruction should be given.

In the case of *New York, C. & St. L. R. Co.* v. *Niebel,* 214 Fed. 952; *Norfolk & W. R. Co.* v. *Earnest,* 229 U. S. 114; and in the case of *Grand Trunk W. Ry.* v. *Lindsay,* 233 U. S. 42, construing the Federal Employer's Liability Act, of which the state law is a mere copy, the United States supreme court and the circuit court of appeals has held that in suits involving contributory negligence: "The total damage should be proportioned between defendant and plaintiff, according to the respective fractions of their total negligence." See, also, *Pennsylvania Company* v. *Cole,* 214 Fed. 948.

We understand that the above courts have approved this instruction No. 11, and yet every instruction which was asked by the defendant, which attempted to tell the jury how to assess damages and the method they should use was refused by the court.

*P. H. Lowery* and *L. B. Lamb,* for appellee.

The third question raised by the defendant upon the refusal of instruction No. 11 asked by the defendant presents a more serious question. It looks very much like the rule announced in the first part of this instruction is in accord with the view of the supreme court of the United States in *N. & W. E. R. Co.* v. *Earnest,* 57 L. Ed. 1096 and I admit that this construction of a similar statute by this great court is good authority.

I think the instruction asked is seriously objectionable and should not have been given because the latter part of it was calculated to lead the jury to believe that the court meant that in this case the negligence of the deceased was at least as great, or greater than the negligence of the defendant. The instruction after announcing the correct rule says:

"That is, that if they are guilty of equal negligence half compensation shall be allowed. If Nixon was guilty of twice as much negligence as defendant they should allow only one third of full compensation."

The natural construction of this language is that the court, after announcing the general rule, says in effect that this general rule means that if the deceased is guilty of as great or greater negligence than the defendant they must apportion the damages, implying that the court thought that it was at least equal to if not greater. If there was no other reason for refusing this instruction this seems to me to be amply sufficient.

Even if the instruction did not contain this objectionable conclusion it was entirely unnecessary to the defendant's case and the failure to give it could not have

prejudiced the interest of the defendant. The jury had already been told by the defendant's instruction, granted by the court, in the language of the statute that if the deceased was negligent then the damages must be diminshed in proportion as his negligence contributed to the injury. This could mean only one of two things.

First, that the damages must be diminished in the proportion that the negligence of the deceased bore to the negligence of the defendant, or second, in the proportion that the negligence of the deceased bore to the total negligence of the plaintiff and defendant. The court in the *Earnest case, supra,* gives the latter construction.

Now, if the instruction given meant that the damages must be diminished in proportion of the negligence of the deceased to the negligence of the defendant then, if they were equally negligent, the plaintiff could have recovered nothing. On the other hand, if the damages were to be diminished in proportion of the negligence of the deceased to the total negligence of both parties, then if they were equally negligent the plaintiff should have recovered half the actual damages. I take it that these are the only possible constructions to give to the statute and to the instruction for defendant as given by the court. The language of the statute is not entirely clear as to which is meant and it seems that the supreme court in the Earnest case properly ruled that it meant the latter.

The defendant cannot complain in this case, because, under the instruction given, which ever way the jury construed it, the defendant got all it was entitled to. If this instruction had been asked by plaintiff in explanation of the instruction which was given for the defendant and the court had refused it the plaintiff might properly have complained because the plaintiff might have been injured by the error.

I understand it has always been the practice of this court not to reverse a case on account of an error in the instructions that could not have possibly injuriously affected the appellant. This is clearly true since the adoption of the sensible rule No. 11 by this court.

STEVENS, J., delivered the opinion of the court.

This case was before this court once before on an appeal by appellees from a judgment predicated on a peremptory instruction in favor of the railroad company. The material facts are stated fully in the former opinion of this court as reported in 103 Miss. 405, 60 So. 566. There is no contention that the proven facts and circumstances reflected by the present record are materially different from those shown and discussed in the first appeal. Appellant assigns as error the granting of each of the instructions for plaintiff and the refusal of certain instructions asked by the defendant, particularly the refusal of instruction No. 11. This instruction is as follows:

"The court charges the jury for the defendant that, if they believe from the evidence that both Sam Nixon and the defendant were guilty of negligence which contributed to his death, in fixing the amount of their verdict they shall allow only such proportion of full compensation as compensatory damages as the negligence of defendant bears to the total negligence of the two, that is, that if they are guilty of equal negligence, half compensation shall be allowed, if Nixon was guilty of twice as much negligence as defendant they shall allow only one-third of full compensation, these illustrations being given to illustrate the rule of comparative negligence."

Attorneys for appellees contend that the question of contributory negligence was properly and sufficiently submitted to the jury by the following instruction asked for and granted appellant, to wit:

21496, Miss. Case 132, Gal 3, 6-2-16.     J. Davenport.

"The court charges the jury for the defendant that, if you believe from the evidence in this case that the defendant railroad company was negligent in the running of some locomotive or train of cars which struck and killed Sam Nixon, and that such negligence was the proximate cause of the injury, and that you further believe that Sam Nixon was also guilty of negligence which contributed to his injury and death, in fixing the amount of damages, if any, which you will award the plaintiff, you must diminish the same just in proportion as the negligence of Sam Nixon contributed to the injury."

The only question of importance is whether the trial court erred in refusing instruction No. 11. Without deciding whether instruction No. 11, the forepart of which seems to be approved by the supreme court of the United States as applied to the comparative negligence provision of the Federal Employers' Liability Act, is good, we think the law of comparative negligence was sufficiently given in charge to the jury in this case by the instruction shown above as given. We are of the opinion that an instruction given in the language of our statute is all that is required of the trial judge. The statute is simple, and needs not to be enlarged upon by any language of the court illustrating its application to the particular facts of the case on trial. It was not error, therefore, to refuse in this instance instruction No. 11. The material issues of this case were settled adversely to appellant in the former appeal.

The case must therefore be affirmed.

*Affirmed.*